BOUTALL, Judge.
This is a suit in tort brought by Sessel D. Cain against Donald G. Lambert Contractors, Inc. for injuries received by Cain on March 19, 1974. On that date Cain, an employee of the United States Post Office Department, was driving a postal service truck on Mirabeau Avenue in the City of New Orleans. At the intersection of Mirabeau and Paris Avenues the plaintiff made a left turn onto Paris Avenue and stopped in the neutral ground, waiting for a favorable light in order that he might proceed on Paris Avenue. When the light turned green Cain accelerated his vehicle to a speed that he described to be under 10 miles an hour. After travelling a short distance his vehicle began to slide and subsequently overturned, ejecting the plaintiff during the course of its overturning. The vehicle landed on its side and pinned plaintiff by his right ankle causing the injuries complained of.
At the time of the accident Paris Avenue was being resurfaced. There were three traffic lanes in the roadway on which plaintiff was travelling. One lane, closest to the neutral ground, had already been resurfaced. The middle lane, with an overlay of asphalt 1V2 inches thick had been prepared for resurfacing by the application of a “tacking coat” to bind the new surface to the old surface. The “tacking coat” surface remained very slippery in character for a period of possibly 15 to 20 minutes after application. The outer lane was untouched. The plaintiff contends that he skidded on the tacking coat; that there was no warning of the dangerous nature of the tacking coat; and that there were no barricades or devices to prevent a driver from entering onto the slippery surface after turning onto Paris Avenue from Mirabeau.
The trial judge dismissed plaintiff’s suit and made the following finding in his reasons for judgment.
“The court is of the opinion that the injury sustained by the plaintiff was occasioned solely through his fault. He did not maintain any proper lookout for his safety and he proceeded at too fast a rate of speed under the circumstances of the street repairs.”
The trial court’s determination that the appellant was negligent is an inference of fact and as such we are guided in our review by the jurisprudence set forth in Canter v. Koehring Company, La., 283 So.2d 716 (1973) which stated:
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error.”
*429 We believe the record supports the trial judge’s conclusion. The plaintiffs own testimony was that he had waited for a period of time in order that the light might turn favorably for him before he had proceeded any further on Paris Avenue, after turning from Mirabeau Avenue. During that time plaintiff had ample opportunity to observe the construction in progress and the traffic cones in the lane in which he intended to travel, that is, the lane with the slippery tacking coat substance applied.
Additionally, we note that plaintiff gave several versions of his maneuvers. According to one version, he never was in the center lane but was in the outer lane on which traffic flow was being maintained. The conclusion reached by the trial judge apparently gives no credence to plaintiff’s testimony and we agree with the result.
In view of the plaintiff’s own testimony, we cannot find that the trial judge committed manifest error in making his determination that the plaintiff was solely at fault. Accordingly, the judgment dismissing the plaintiff’s suit is affirmed.

AFFIRMED.